OPINION OF THE COURT
Jan H. Plumadore, J.
This matter is (still) before the court on defendants’ application to vacate their default. An interim decision denying the application outright was signed July 9, 1990. Defendants’ untimely reply papers were treated as a motion to reargue the question of the applicability of CPLR 3215 (f) (3) notice to the individual defendants. The corporate defendant was plainly in default and, as was earlier found as to all the defendants, there has been no showing of a meritorious defense in this action for work, labor and services performed by the plaintiff accountant. The motion will be granted as to the original defendants and denied as to the corporate.
*186 The crux of the issue is whether the additional (20-day mailed) notice requirement of CPLR 3215 (f) (3) applies in actions other than those founded upon an express contract. Despite the apparent absence of any reported cases on the subject, the court finds that it does.
These provisions were originally enacted as an additional protection for defendants in consumer credit transactions though they are not so narrowly worded (see, Siegel, 1986 Supp Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B [1990 Supp Pamph], CPLR C3215:18, at 591-592). Neither, however, does the relevant language — "an action based upon nonpayment of a contractual obligation” — limit applicability to actions founded solely in express contract. The court holds that actions sounding generally in contract (see, e.g., 50 NY Jur, Restitution, §73; 22 NY Jur 2d, Contracts, § 511), and this is such a one, are within the ambit of CPLR 3215 (f) (3). Additional notice of the default judgment sought was therefore required but never given.
The individual defendants’ motion to vacate is granted; the default of the corporation stands. This determination is without prejudice to plaintiff’s right, particularly given the prior finding of no meritorious defense, to move for summary judgment on the question of the individual defendants’ liability leaving for an assessment the question of actual damages. Assuming the motion is made and granted, the assessment will fix the damages due from all defendants at the same time.